Opinion issued June 18, 2009

 

 

 


 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00823-CR






GRACEANDRA CORNETT, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause No. 1134893






MEMORANDUM OPINION


 Appellant, Graceandra Cornett, (1) without an agreed recommendation from the
State, pleaded guilty to the second degree felony offense of aggregate theft in an
amount over one hundred thousand dollars and under two hundred thousand dollars. (2) 
Appellant also pleaded true to one enhancement paragraph alleging that she had
previously been convicted of committing a felony offense, raising the punishment
range to that of a first degree felony. (3) Following a pre-sentence investigation hearing,
the trial court found appellant guilty and assessed her punishment at confinement for
20 years. We affirm. 

 Appellant's counsel on appeal has filed a brief stating that the record presents 
no reversible error, that the appeal is without merit and is frivolous, and that the
appeal must be dismissed or affirmed. See Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable grounds
for reversal. Id. at 744, 87 S.Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810
(Tex. Crim. App. 1978). 

 Counsel represents that he has served a copy of the brief on appellant. Counsel
also advised appellant of her right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. Having reviewed the
record and counsel's brief, we agree that the appeal is frivolous and without merit and
that there is no reversible error. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.
Crim. App. 2005). 

 We note that the trial court's judgment reflects that appellant was convicted of
the offense of credit/debit card abuse when the indictment was for theft of money in
an aggregate amount. The judgment reflects the degree of the offense as 2nd degree
felony with a line marking through it and a hand written notation "state jail felony."

The judgment correctly reflects that appellant pleaded true to the allegation in one
enhancement paragraph and that the trial court found the enhancement to be true. Appellant's counsel has not requested that the judgment be reformed to reflect
that appellant was convicted of the offense of theft as alleged in the indictment.
Counsel has also not addressed the judgment's incorrect recitation of the range of
punishment. We note that the clerk's record (CR 439) reflects that appellant signed,
along with her written waiver of constitutional rights, agreement to stipulate, and
judicial confession, a document styled "waivers and admonishments." Appellant
initialed sections in the waivers and admonishment document that included among
other things the following statements:

 You are charged with the felony of aggregate theft over
$100,000. If you are convicted, you face the following
range of punishment:


 Second Degree Felony: imprisonment for any term of not
more than 2 years in the Institutional Division of the Texas
Department of Criminal Justice and in addition, a fine not
to exceed $10,000 may be assessed; if enhanced with one
prior felony conviction, a term of imprisonment for life or
any term of not more than 99 years or less than 5 years in
the Institutional Division of the Texas Department of
Criminal Justice, and in addition, a fine not to exceed
$10,000 may be assessed.

 

 An appellate court has the power to correct and reform a trial court judgment
to make the record speak the truth when it has the necessary data and information to
do so. Nolan v. State, 39 SS.W.3d 697, 698 (Tex. App.--Houston [1st Dist.] 2001,
no pet.) (Citing Asberry v. State, 813 S. W. 2d 526, 529 (Tex. App.-- Dallas 1991,
pet. ref'd); see also Tex. R. App. P. 43.2 (b). The record supports modification of the
judgment because the indictment properly alleged an offense under section 31.01 of
the Texas Penal Code, and appellant stipulated to the allegations contained in the
indictment, (4)
 including the enhancement allegation. See Tex. Pen. Code Ann. § 31.03
(a) and Tex. Pen. Code Ann. § 31.03 (e)(6) (Vernon Supp. 2008). Accordingly, we
reform the trial court's judgment to reflect that appellant was convicted of the offense
of aggregate theft with a value of over one hundred thousand dollars and under two
hundred thousand dollars. 

 We affirm the judgment of the trial court as reformed and grant counsel's
motion to withdraw. (5) Attorney Scott Ramsey must immediately send the notice
required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice
with the Clerk of this Court.

 We deny pending motions as moot.

PER CURIAM


Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).


 

1. Graceandra Cornett is also known as Garceandra Cornett.
2. See Tex. Pen. Code Ann. § 31.03 (e) (6) (Vernon Supp. 2008).

 See Tex. Pen. Code Ann. § 31.09 (Vernon Supp. 2008).
3. See Tex. Pen. Code Ann. § 12.42 (b) (Vernon Supp. 2008).


 

 
4. Appellant stipulated that "The charges against me allege that in
Harris County, Texas, Graceandra Cornett, hereafter styled the
Defendant, heretofore on or about January 1, 2007, did then and
there unlawfully, intentionally and knowingly, pursuant to one
scheme and continuing course of conduct, appropriate by
acquiring and otherwise exercising control over property, to wit:
MONEY, owned by David McDermott and the Home Depot,
hereafter referred to as the Complainant, of the value of over
one hundred thousand dollars, with the intent to deprive the
Complainant of the property.


 Before the commission of the offense alleged above, on August
24, 2006, in Cause No.823064, in the 178th District Court of
Harris County, Texas, the Defendant was convicted of the
felony offense of Possession with Intent to deliver a controlled
Substance, namely cocaine weighing more than 4 grams and less
than 200 grams."

5. Appointed counsel still has a duty to inform appellant of the
result of this appeal and that he may, on his own, pursue
discretionary review in the Texas Court of Criminal Appeals. 
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App.
2005).